Miles D. Grant, Esq.  (SBN  89766)
Alexander J. Kessler, Esq.  (SBN 278240)
Phillip A. Zunshine, Esq.  (SBN 339010)
**GRANT & KESSLER, APC**
1331 India Street
San Diego, CA 92101
Tel: 619-233-7078; Fax: 619-233-7036

Attorneys for Plaintiffs/Creditors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MANNING LAND COMPANY, LLC,<br><br>A California Limited Liability Company<br><br>Debtor In Possession | Case No. 2:24-bk-16757-VZ<br><br>Chapter: 11<br><br>Jointly Administered With:<br><br>Case No. 2:24-bk-16758-VZ<br>Case No. 2:24-bk-16759-VZ<br>Case No. 2:24-bk-16760-VZ<br>Case No. 2:24-bk-16761-VZ<br>Case No. 2:24-bk-16762-VZ |
| LINKUN INVESTMENT, INC,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>MANNING LAND COMPANY, LLC; MANNING'S BEEF, LLC; ADD ENTERPRISES, INC; CHARLIE DiMARIA & SON INC; RNCK, INC; SALVATORE ANTHONY DiMARIA, individually and dba DiMARIA CATTLE,<br><br>　　　　　　　Defendants. | Adv. Proc. No.<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**<br><br>[11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6)] |

# PRELIMINARY ALLEGATIONS

## A. *The Parties and Jurisdiction*

1. This Adversary Proceeding is brought in Debtors' case under Chapter 11 of Title 11 of the United States Bankruptcy Code, Case No. 2:24-bk-16757-VZ, jointly administered with Case Nos. 2:24-bk-16758-VZ, 2:24-bk-16759-VZ, 2:24-bk-16760-VZ, 2:24-bk-16761-VZ, and 2:24-bk-16762-VZ, now pending in this Court, to object to the discharge of Plaintiff's judgment against each of the following Debtors/Judgment Debtors (collectively the "Debtors"): (a) MANNING LAND COMPANY, LLC ("Manning Land"); (b) MANNING'S BEEF, LLC ("Manning Beef"); (c) ADD ENTERPRISES, INC ("ADD"); (d) CHARLIE DiMARIA & SON INC ("CDS"); (e) RNCK, INC ("RNCK"); and (f) SALVATORE ANTHONY DiMARIA, individually and dba DiMARIA CATTLE ("Anthony") pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6).

2. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§157, 1334 and 11 U.S.C. §523(c). Venue is proper under 28 U.S.C. §1409(a). Plaintiff consents to this Bankruptcy Court's entry of final orders or judgment.

3. Debtors Manning Land, Manning Beef, RNCK, CDS and ADD (sometimes collectively the "Entity Debtors") each have their principal place of business in Los Angeles, California

4. Debtor Anthony is an individual residing in New York, who is the sole owner of each of the Entity Debtors and who conducts the business of the Entity Debtors in Los Angeles, California.

5. On August 22, 2024, each of the Debtors filed a petition for relief under Bankruptcy Code Chapter 11, United States Bankruptcy Court, Central District of California.

6. On September 3, 2024, this Court entered an Order Granting the Debtors' Motion to approve joint administration of each of the cases and providing that any matter affecting all of the cases be filed under Case No. 2:24-bk-16757-VZ, using the above Caption.

7. Plaintiff is a creditor of each of the Debtors by having obtained a judgment against Debtors in the total sum of $7,437,913.50, California Superior Court, Los Angeles County, Case No. 21STCV10856 ("Action").

///

**B.    The Action and Judgment**

8. In the Action, Plaintiff's case proceeded to a Jury Trial in July and August 2023. Attached as **Exhibit 1** is the Jury Verdict in the Action, filed August 4, 2023, finding for Plaintiff against each of the Debtors on a number of claims including fraud, conversion and violation of California Penal Code § 496 (theft).

9. On August 29, 2023, the Court in the Action issued a Minute Order, a copy of which is attached as **Exhibit 2**, entering judgment against each of the Debtors in the total sum of $9,268,261, which amount included Treble Damages under California Penal Code § 496(c) and punitive damages of $3,400,000.

10. On October 17, 2024, the Court in the Action issued an amended judgment, a copy of which is attached as **Exhibit 3**, summarizing the Jury Verdict finding violations for fraud, conversion and Penal Code § 496 and awarding treble damages and punitive damages.

11. After entry of the amended judgment, Debtors filed a motion for new trial. The Court in the Action issued an order requiring Plaintiff to waive punitive damages, as it was duplicative of Treble Damages under Penal Code § 496, or the court would grant a new trial. Plaintiff accepted the election to waive punitive damages.

12. On February 8, 2024, the Court in the Action entered a "Third Amended Judgment" ("Judgment"), a copy of which is attached as **Exhibit 4**, which is the final and operative Judgment and is in the total sum of $7,437,913.50 against each of the Debtors. The Judgment includes damages for fraud, conversion, and violation of California Penal Code § 496..

13. Under California law, interest accrues on the Judgment at 10% per annum.

14. Nothing has ever been paid on the Judgment and, as of the Petition Date, the entire Judgment, including post-judgment interest, costs and legal fees, was due and owing jointly and severally by each of the Debtors.

**C.    Scope of the Judgment**

15. The Judgment, which constitutes res judicata, collateral estoppel, and issue preclusion as to the Debtors, provides that the Debtors committed fraud, conversion, and violated Penal Code § 496 (theft). Each of these torts are non-dischargeable.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

## FIRST CLAIM FOR RELIEF

### [Fraud - 11 U.S.C. § 523(a)(2)(A)]

16. Plaintiff re-alleges and incorporates by this reference paragraphs 1-15 of the above Recitals.

17. As found by the Court in the Action (**Exhibits 1-4**), the Debtors committed intentional fraud against Plaintiff causing Plaintiff's damages, the basis for the Judgment.

18. Accordingly, the Judgment against the Debtors is not dischargeable under 11 U.S.C. §523(a)(2)(a).

## SECOND CLAIM FOR RELIEF

### [Conversion - 11 U.S.C. § 523(a)(6)]

19. Plaintiff re-alleges and incorporates by this reference paragraphs 1-15 above Recitals.

20. As found by the Court in the Action (**Exhibits 1-4**), the Debtors committed conversion against Plaintiff causing Plaintiff's damages, the basis for the Judgment.

21. Accordingly, the Judgment against the Debtors is not dischargeable under 11 U.S.C. §523(a)(6).

## THIRD CLAIM FOR RELIEF

### [Violation of Penal Code § 496 - 11 U.S.C. § 523(a)(6)]

22. Plaintiff re-alleges and incorporates by this reference paragraphs 1-15 above Recitals.

23. As found by the Court in the Action (**Exhibits 1-4**), the Debtors violated California Penal Code § 496, theft, causing Plaintiff's damages, the basis for the Judgment.

24. Accordingly, the Judgment against the Debtors is not dischargeable under 11 U.S.C. §523(a)(6).

WHEREFORE, Plaintiff seeks that a determination that the Judgment is nondischargeable as follows:

a. For a decree that Plaintiff's Judgment against each of the Debtors be excepted from discharge, pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6);

b. For a decree that Plaintiff's Judgment for fraud against each of the Debtors be excepted from discharge, pursuant to 11 U.S.C. § 523(a)(2)(A);

  c. For a decree that Plaintiff's Judgment for Conversion against each of the Debtors be excepted from discharge, pursuant to 11 U.S.C. § 523(a)(6);

  d. For a decree that Plaintiff's Judgment for violation of California Penal Code § 496 against each of the Debtors be excepted from discharge, pursuant to 11 U.S.C. § 523(a)(6);

  e. For a decree that the entire Judgment is entitled to collateral estoppel and issue preclusion effect and therefore the entire Judgment is non-dischargeable against each of the Debtors;

  f. For post-judgment costs and post-judgment interest at 10% per annum from date of entry of the Judgment;

  g. For post-judgment attorney's fees incurred by Plaintiff; and

  h. For such other and further relief as this Court deems fair and proper.

Dated: November 18, 2024      GRANT & KESSLER, APC

               By: /s/ Miles D. Grant
                 Miles D. Grant
                 Attorneys for Plaintiff

I:\DOCS\12-172\Z3 - BK of DiMaria Entitites\A-Master\Pleadings\Linkun AP\AP Cpt-01a.wpd